Ammar Dadabhoy
Wong Fleming
State Bar No: 24088812
77 Sugar Creek Center Blvd., Suite 401
Sugar Land, TX 77478
Phone: (281) 340-20704
Fax: (866) 240-0629
Email: adadabhoy@wongfleming.com
ATTORNEY FOR SECURED CREDITOR BMO HARRIS BANK N.A.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: Royal Transport Express, LLC | § § § § | Case No. 19-43230
(Chapter 11) |

**BMO HARRIS BANK N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING 2020 KENWORTH WITH VIN ENDING IN 2528 AND WAIVER OF 30-DAY HEARING REQUIREMENT**

> **YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**
>
> **NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING <u>WITHIN FOURTEEN (14) DAYS</u> FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**
>
> **IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**

- 1 -

BMO Harris Bank N.A. ("BHB"), a secured creditor in the captioned proceeding, who files this Motion for Relief from the Automatic stay under 11 U.S.C. 362(d) and permit it to take possession of and to foreclose its security interest in certain personal property described herein below; in the alternative, BMO Harris Bank N.A. requests that the Debtor's use of the property be prohibited or conditioned as is necessary to provide adequate protection for the value of its interest in said property, and in support would show the Court the following:

1.  On May 13, 2019, VHN Services, LLC ("VHN") executed a Loan and Security Agreement ("Contract"), a copy of which is attached as Exhibit "A."

2.  To secure the payment of the indebtedness, VHN granted a security interest in the following to Secured Creditor:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2020 | KENWORTH | T680-SERIES | T-680 SERIES T680 125" BBC CONV CAB SBA TRACTOR 6X4 | 1XKYD49X1LJ372528 |

3.  Accordingly, BHB has duly perfected its security interest in the Vehicle evidenced by the Certificate of Title attached as Exhibit "B."

4.  Since the singing of this Agreement, VHN leased the 2020 Kenworth to Debtor. The lease or assignment was done without the express approval as required by BHB. BHB has demanded return of the vehicle from VHN.

5.  Debtor filed a plan for relief under Title 11 U.S.C. Chapter 13 on December 2, 2019, staying actions as specified in § 362 of the code. This Court has jurisdiction over this matter by virtue of the jurisdiction conferred upon it under 28 U.S.C. § 157, which characterizes this matter as a "core proceeding" arising in a case under Title 11, United States Code.

6. As of the date of filing, VHN owes BHB $162,622.11, all of which is secured, with 18% interest accruing thereafter, as evidenced by Exhibit C.

7. Debtor is not the owner of the collateral. The collateral is owned by VHN Services, LLC. Debtor is not affiliated with VHN Services, LLC. Debtor has little to no interest in the collateral at issue. As a result, the collateral cannot be included in the Debtors' Chapter 11 plan.

8. Accordingly, BHB has a secured claim in the amount of $162,622.11.

9. VHN has defaulted by failing to pay for the vehicle as contracted under the agreement. Debtor has defaulted by failing to obtain the requisite consents prior to leasing the vehicle *See* Exhibit A.

10. Movant requests relief from the automatic stay upon the grounds that its interest in the collateral is not adequately protected.

11. Debtor continues to use the motor vehicle despite the default. Debtor is not the owner of the collateral, VHN Services, LLC is the owner and BHB does not have adequate protection for the value of BHB's interest in the vehicle, which continues to depreciate by reason of time and usage.

12. Additionally, BHB alleges that the automatic stay should be terminated as to Collateral pursuant to 11 U.S.C. Section 362(d), because there is no equity in the Collateral, only nominal equity, and Collateral is not necessary to effect a reorganization to the Debtor.

13. Movant requests that the stay be lifted for cause based on Debtor's failure to provide sufficient adequate protection for depreciation. Debtor's continued use of the vehicle despite default does not protect BHB's interest in the vehicle as the vehicle continues to depreciate by reason of time and usage.

14. Alternatively, if the motion to Lift Automatic Stay is not granted, BHB requests and moves that the Debtor be ordered pursuant to Section 361 of the Code, to provide Debtor with adequate protection for the value of its interest in the property and requests the full balance of the vehicle be paid pursuant to the terms of the contract and recover attorney's fees expended herein together with costs of court pursuant to 11 U.S.C. §506.

15. BHB requests that the 14-day period of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

16. If BHB is not allowed to foreclose its security interest in the Collateral, of if the continuation of the automatic stay is not immediately conditioned upon the Debtor providing adequate protection to Movant of its interest in the collateral, Movant fear it will suffer irreparable harm.

17. Nothing herein is a waiver by BHB of its claim for any deficiency on indebtedness or any part thereof that remains after disposition of the Collateral and the exercise by BHB of its rights under the agreement described above and applicable law.

WHEREFORE, BMO Harris Bank N.A. prays that (a) the Court grant BHB's motion for relief from stay, (b) BHB is permitted to take possession and foreclose upon its security interest in the property described below, (c) the movant recover its attorney's fees and costs expended in this behalf; (d) alternatively, the Court grant an order modifying stay affording BHB adequate protection for the value of its interest in the property; and that Debtor's use be prohibited or conditioned as necessary to provide BHB adequate protection for that value of its interest in the property including a provision for maintenance of payments under the loan and for such other and further relief to which movant may be justly entitled regarding the following collateral:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2020 | KENWORTH | T680-SERIES | T-680 SERIES T680 125" BBC CONV CAB SBA TRACTOR 6X4 | 1XKYD49X1LJ372528 |

                                              Respectfully submitted,

                                              **WONG FLEMING**

                                              By:  */s/ Ammar Dadabhoy/s/*
                                                      Tariq A. Zafar
                                                      Texas Bar No. 24038048
                                                    Email: tzafar@wongfleming.com
                                                    Ammar Dadabhoy
                                                    Texas Bar No. 24088812
                                                    Email: adadabhoy@wongfleming.com
                                                    77 Sugar Creek Center Blvd., Suite 401
                                                    Sugar Land, Texas 77478
                                                    Tel. (281) 340-2074
                                                    Fax. (866) 240-0629
                                                    Attorneys for Secured Creditor
Date: January 27, 2020                            BMO Harris Bank N.A.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served on all interested parties as listed below by depositing same in the U.S. Mail, postage prepaid, and/or by electronic mail on January 27, 2020.

Royal Transport Express, LLC          Via CMRR *7019-0700-0001-4489-7412*

Eric A. Liepins                                      via email: Eric@ealpc.com

All other parties requesting notice via ECF in the attached Creditor Matrix

                                              */s/ Ammar Dadabhoy*
                                              Ammar Dadabhoy

- 6 -

**CERTIFICATE OF CONFERENCE**

I certify that on December 30, 2019 counsel for BHB communicated by e-mail with Debtors counsel regarding the merits of the above referenced motion. Counsel for BHB again emailed counsel for Debtors' on January 7, 2020. To date, no response has been received. Counsel for BHB is under the assumption that Debtors' are opposed to this motion.

*/s/Ammar Dadabhoy*
Ammar Dadabhoy